UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                             :

JOHN SITARAS,                     :

            Plaintiff,        :
                            :       25 Civ. 1417 (JPC)

     -v-               :
                            :        <u>ORDER</u>

THE HOME DEPOT STORE #6177 *et al.*,  :

            Defendants.     :

                             :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Discovery in this case closed on October 20, 2025. Dkt. 11 at 1-2. In connection with the close of all discovery, the parties were ordered to submit a joint status letter to the Court on October 27, 2025. *See id.* at 3. Having failed to file the letter by that date, on October 30, 2025, this Court ordered the parties to do so by November 5, 2025. Dkt. 12. That date also passed without the letter being filed with the Court. So on November 6, 2025, the Court ordered each party to file, by November 10, 2025, a letter showing cause why sanctions should not be imposed in light of the parties' failure to comply with the Court's October 30, 2025 Order, and further ordered Plaintiff to file a letter showing cause why this case should not be dismissed for failure to prosecute by that same date. Dkt. 13.

Roused by the threat of potential sanctions, the parties finally adhered to one of this Court's orders and filed their respective show-cause letters. Dkts. 14-15. In those November 10, 2025 letters, the parties offered various excuses for repeatedly disregarding this Court's orders, and requested—for the very first time—that the Court extend the fact-discovery deadline to December 10, 2025 and the expert-discovery deadline to January 30, 2026. Dkt. 14 at 1-2.

In response, this Court "agree[d] that dismissal for failure to prosecute [was] not

warranted," and declined to "exercise its discretion to impose sanctions at th[at] time." Dkt. 16 at 2. But the Court "emphasize[d] the serious nature of the parties' failures in this case: not only ha[d] they disregarded two of this Court's orders, they . . . also asked for extensions *three weeks* after the close of expert discovery and *two months* after the close of fact discovery." *Id.* "That the parties ha[d] yet to complete discovery *and* so belatedly filed a request to extend the discovery deadlines [was] troubling indeed." *Id.* at 2-3. So the Court granted the extension requests *nunc pro tunc* but made clear that "under no circumstances w[ould] it grant any others." *Id.* at 3. And given those extensions, the "requisite post-discovery letter [was] to be filed [on] February 6, 2026." *Id.*

That date, too, has now passed with nary a word from the parties, let alone the filing of the required post-discovery letter. The Court's patience is at an end. By February 24, 2026, the parties shall simultaneously file letter briefs of no more than ten pages explaining what sanctions are warranted under these circumstances. The Court will hold an in-person sanctions hearing on April 7, 2026 at 10:00 a.m. in Courtroom 12D of the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York 10007. The parties are further ordered to serve a copy of this Order on their respective clients and file proof of service on the docket by February 13, 2026.

      SO ORDERED.

Dated: February 10, 2026
      New York, New York

                        JOHN P. CRONAN
                  United States District Judge